Although I concur in the result, I cannot allow the misleading of the Social Security Administration by the parties and the trial court to pass without comment. When a trial court ratifies the parties' agreement to label what is obviously support for an adult dependent child as "spousal support," so as not to reduce the child's Social Security disability benefits, it is condoning a fraud. See In re Marriage of Benson,495 N.W.2d 777 (Iowa App. 1992):
 "[SSI] is a social security program providing benefits to aged, blind and disabled individuals who have income and resources below certain statutory amounts. It is in the nature of a welfare program. . . . The purpose of [SSI] is to assure recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. . . .
 "Clearly [SSI] is a public assistance similar to aid to dependent families.
". . . .
 ". . . Like aid to dependent families, [SSI] is based on need and anticipates that it will only come into play if . . . children do not have sufficient support from their parents. We will not structure child support so as to make families eligible for either program. Eligibility for these programs should be determined after the courts have fixed reasonable child support based on the noncustodial parent's ability to pay." *Page 483 
In re Marriage of Benson, 495 N.W.2d at 781, 782 (emphasis added) (citations omitted).
This court has "general superintendence and control" of the trial courts in domestic-relations matters. See Ala. Code 1975, § 12-3-11. We do not comply with our statutory duty by remaining silent in the presence of fraud.
Thompson, J., concurs.